**Bobby Ray CLARK, Petitioner—Appellant,**

v.

**Tom CAREY, Warden, Respondent—Appellee.**

No. 03–56124.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 1, 2004.

Decided April 21, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We deny petitioner's request to broaden the certificate of appealability. *See* 9th Cir. R. 22–1.

---

Marilee Marshall, Esq., Pasadena, CA, for Petitioner–Appellant.

Analee J. Brodie, Esq., AGCA—Office of The California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: MAGILL,* TROTT, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Bobby Ray Clark appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. This petition follows his unsuccessful state appeal from his conviction for attempted robbery, kidnapping for robbery, and false imprisonment. In this appeal, Clark alleges that the district court incorrectly found that there was sufficient evidence to support his conviction for kidnapping for robbery. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

The Antiterrorism and Effective Death Penalty Act of 1996 bars federal habeas corpus relief on a claim adjudicated on the merits by a state court unless the state court decision either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Here, Clark argues that there was insufficient evidence supporting his kidnapping conviction, and that the California Court of Appeal's decision finding sufficient evidence was therefore contrary to and involved an unreasonable application of federal law as established by the Supreme Court's decision in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In *Jackson,* the Supreme Court held that when reviewing the sufficiency of the evidence claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. Here, the key question is whether the California Court of Appeal's finding that there was sufficient evidence supporting each element of Clark's kidnapping conviction is an unreasonable application of this standard. Specifically, Clark asserts that his movement of the bank manager from the outside to the inside of the bank during the attempted robbery did not support the asportation element of the kidnapping conviction. He argues therefore that the California Court of Appeal's decision, finding sufficient evidence to support the kidnapping charge, is contrary to *Jackson.*

It is undisputed that California courts use the *Jackson* standard when reviewing claims of insufficient evidence. *See People*

---

* The Honorable Frank J. Magill, Senior U.S. Circuit Judge for the Eighth Circuit, sitting on designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*v. Cuevas* 12 Cal.4th 252, 260–62, 48 Cal. Rptr.2d 135, 906 P.2d 1290 (1995); *People v. Johnson,* 26 Cal.3d 557, 578, 162 Cal. Rptr. 431, 606 P.2d 738 (1980). The California Court of Appeal applied this standard, stating that "[i]n determining whether there is substantial evidence to support the judgment, the reviewing court must view the evidence in the light most favorable to the judgment and presume in support of the judgment the existence of every fact the trier of fact could reasonably deduce." The California Court of Appeal then analyzed the facts of the case, applied relevant California authority, and concluded that there was sufficient evidence supporting the kidnapping charge. We agree.

Pursuant to California law, the crime of kidnapping for robbery is committed when "[a]ny person . . . kidnaps or carries away any individual to commit robbery." Cal.Penal Code § 209(b). Conviction under this crime involves an asportation element, which "requires movement of the victim that is not merely incidental to the commission of the robbery, and which substantially increases the risk of harm over and above that necessarily present in the crime of robbery itself." *People v. Rayford,* 9 Cal.4th 1, 12, 36 Cal.Rptr.2d 317, 884 P.2d 1369 (1994) (citing *People v. Daniels,* 71 Cal.2d 1119, 1131–34, 80 Cal.Rptr. 897, 459 P.2d 225 (1969)).

Under the first prong of California's *Daniels* test, "the jury considers the 'scope and nature' of the movement[,] which includes the distance moved and the context and environment where the movement occurred." *Rayford,* 9 Cal.4th at 12, 36 Cal. Rptr.2d 317, 884 P.2d 1369. Under the second prong of the *Daniels* test, the jury is to consider "such factors as the decreased likelihood of detection, the danger inherent in a victim's foreseeable attempts to escape, and the attacker's enhanced opportunity to commit additional crimes." *Id.* at 13.

Applying the *Daniels* test, the California Court of Appeal found that the evidence was sufficient to meet this element of the kidnapping charge. We agree. The evidence evinced at trial reveals that, on the morning of August 2, 1996, Clark approached Leanne Jensen, the bank's manager, as she was about to open the bank. Clark pressed a gun to Jensen's back, told her to be quiet or risk being killed, and forced her to unlock the bank's back door and enter the bank. Frustrated by Jensen's inability to open the bank's vault or disarm the alarm, Clark then forced Jensen into a small, windowless storage room where he proceeded to tie her up, and where she remained through much of the attempted robbery. The Court of Appeal found that the nature of this movement, from the parking lot to an inside storage room, was not merely incidental to the robbery. This finding is supported by the facts and California case law. Indeed, the Court of Appeal correctly noted that the nature of the movement in this case was different from that in *Daniels,* where the California Supreme Court explained that a kidnapping for robbery conviction will not generally be supported "when in the course of a robbery a defendant does *no more than move his victim around the inside of the premises* in which he finds him . . . ." 71 Cal.2d at 1140, 80 Cal.Rptr. 897, 459 P.2d 225 (emphasis added). Clark clearly moved Jensen from outside the premises to the inside of the bank. Accordingly, we cannot say that the evidence was insufficient to support the Court of Appeal's finding that the kidnapping was more than merely incidental to the robbery.

With respect to the second prong of the *Daniels* test, the Court of Appeal again focused on Clark's movement of Jensen from the relative security of the public parking lot to the inside of the bank, which was not open to the public at the time. We agree with the Court of Appeal that

these facts sufficiently support a finding that Clark's movement of Jensen substantially increased the risk of harm to her and diminished her ability to escape. *See, e.g., People v. Hill,* 20 Cal.App.3d 1049, 1052, 98 Cal.Rptr. 214 (1971) (holding that kidnapping conviction was supported by the fact that victim was placed in greater danger when moved from the parking lot to the inside of a supermarket).

In sum, we conclude that there is sufficient evidence to support the Court of Appeal's finding that Clark's movement of Jensen during the attempted robbery was not merely incidental to the attempted robbery and increased the risk of harm to her. Accordingly, the Court of Appeal's decision was not an unreasonable application of *Jackson,* and the district court's decision denying Clark's petition for a writ of habeas corpus is hereby **AFFIRMED.**